# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JUSTIN CHARLES MASS, Sr.,

        Plaintiff,

     v.                                          Case No.  13-C-1116

DAVID BETH, Kenosha County Sheriff, and
JOANN MEDLEY,

        Defendants.

## SCREENING ORDER

The plaintiff, who is incarcerated at Kenosha County Jail, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated.  This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action.  *See* 28 U.S.C. § 1915(b)(1).  If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*.  The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2).  The plaintiff has been assessed and paid an initial partial filing fee of $2.73 in this action.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.*" Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

2

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Mass claims he was denied medical treatment while incarcerated at Kenosha County Jail for Human Papillomavirus (HPV), which has caused warts to grow on his left ring finger and right index finger, on his penis, and in his mouth. Mass contends that these warts pose an immediate danger to his health because they could become cancerous if left untreated. He has submitted requests to be treated by Kenosha County Correctional Health Services, but his requests have been denied because Kenosha County Jail classifies the treatment of his alleged condition as "preventative medical care." Mass contends that he has been at Kenosha County Jail for approximately one year and will remain there for at least three more months. He seeks $172,000.00 in relief. The allegations are similar to those in a previous action Mass filed against the county. *See* Mass v. Kenosha County Medical Staff, Case No. 10-C-0030-JPS.

It is unclear from the complaint whether Mass is a pretrial detainee or a prisoner serving a sentence for a crime. Regardless, it is well-established that deliberate indifference to the serious medical needs of a person held in custody violates his or her constitutional rights. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764 (7th Cir. 2002).

3

To establish liability, a prisoner must show (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer*, 511 U.S. at 834. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Deliberate indifference requires more than negligence; it requires that the official know of, yet disregard, an excessive risk to the inmate's health or safety. *Farmer*, 511 U.S. at 835, 837. Subjective knowledge of the risk is required: "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id*. at 838. At this stage of the proceedings, Mass has stated an Eighth Amendment claim. Based on the facts stated above, this court cannot say that Mass's medical condition does not constitute a serious medical need or that prison officials did not demonstrate deliberate indifference to his condition.

To recover under § 1983 a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). An official satisfies the personal responsibility requirement of § 1983 if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent. *Id*. Mass will be allowed to proceed on his deliberate indifference claim against health care provider JoAnn Medley because he alleges that Medley made the decisions to deny his requests for medical treatment. Mass also named Kenosha County Sheriff David Beth in his complaint. The complaint suggests that the denial of medical care to Mass may have been pursuant to a policy of the Sheriff's

4

Department. If so, or if Sheriff Beth was personally involved in the decision, he would be a proper party. At least at this stage of the case, he will remain so.

In sum, the case will proceed against both health care provider JoAnn Medley and Sheriff Beth on Mass's deliberate indifference claim.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon JoAnn Medley and Sheriff Beth pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Kenosha Sheriff or his designee shall collect from the plaintiff's prison trust account the $347.27 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to Kenosha County Sheriff, the Kenosha County Corporation Counsel, and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> **c/o Office of the Clerk**
> United States District Court - WIED
> United States Courthouse
> 125 S. Jefferson St., Suite 102
> Green Bay, Wisconsin 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

Plaintiff is hereby notified that copies of future documents filed with the court that can be scanned and electronically filed need not be served on the other parties.  Copies of documents that the clerk advises cannot be electronically scanned, however, must be provided to the opposing parties or their attorney pursuant to Fed. R. Civ. P. 5(a).  Plaintiff should also retain a personal copy of each document.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

6

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin, this 15th day of October, 2013.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

7