UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUSTIN CHARLES MASS, Sr.,

    Plaintiff,

v.                                                                                                                             Case No. 13-C-1116

DAVID BETH, Kenosha County Sheriff, and
JOANN MEDLEY,

    Defendants.

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
(ECF NOS. 22 & 26)**

       Plaintiff Justin Charles Mass, Sr., initially filed this action pursuant to 42 U.S.C. § 1983 on September 9, 2013, alleging that the defendants violated his constitutional rights during a period of incarceration at the Kenosha County Detention Center or jail. Mass claims that Defendants Nurse JoAnn Medley and Kenosha County Sheriff David Beth violated his Eighth Amendment right against cruel and unusual punishment by their deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Specifically, Mass alleges that he was denied medical treatment while incarcerated at Kenosha County Jail for Human Papillomavirus (HPV), which has caused warts to grow on his left ring finger and right index finger, on his penis, and in his mouth. Based on a media report of a famous actor who contracted throat cancer, Mass contends that these warts pose an immediate danger to his health because they could become cancerous if left untreated. He has submitted requests to be treated by Kenosha County Correctional Health Services, but his requests have been denied because Kenosha County Jail classifies the treatment of his alleged condition as "preventative medical care." Mass contends that he has been at Kenosha

County Jail for approximately one year and will remain there for at least three more months. He seeks $172,000.00. The case is before the court on motions for summary judgment filed by the defendants. For the reasons that follow, the motions will be granted.

Plaintiff has failed to respond to either defendants' motion for summary judgment. It may be that he was not served with copies of the motions, but this is no excuse since he has failed to keep the court and counsel advised of his current address as he was instructed to do in the screening order allowing his case to proceed. (ECF No. 7, at 7.) Based on the undisputed facts, the court concludes the defendants' motions should be granted.

Defendants deny personal involvement and further deny that the warts Mass complained of constituted a serious medical condition requiring medical treatment during his confinement. The record reflects that Mass has had the warts for more than four-and-a-half years. During that period of time, he has repeatedly been confined in the Kenosha County Jail on pending charges or for relatively short sentences and then released. His request for treatment of his warts was viewed as preventive care that did not require immediate attention. In fact, he was told:

> This is not an emergent medical issue. HSU will not be removing your warts or sending you out to have them removed. They are harmless viral growths.

(Aff. of Jo Ann Medley, Ex. A.)

The response is reasonable. While prisons and jails have a duty to provide inmates essential medical care, being confined to jail does not entitle one to non-essential care for every medical condition an inmate might have. Mass has offered no evidence that removal of his warts was medically necessary. Nor does he explain why if it was so important to him to have his warts removed, he did not have it done on the many occasions when he was not confined in the Kenosha County Jail. It is his burden to show he had a serious medical need, and he has failed to do so.

Sheriff Beth and Nurse Medley also deny any personal involvement in Mass' case. Personal involvement is essential to personal liability under § 1983. *Richardson v. Lemke*, 745 F.3d 258, 282 (7th Cir. 2014). Mass offers no evidence to create an issue of fact on this element either. Accordingly, both motions will be granted. Mass' claims are dismissed. The Clerk is directed to enter judgment.

**SO ORDERED** this   19th   day of May, 2014.

                                           s/ William C. Griesbach
                                           William C. Griesbach, Chief Judge
                                           United States District Court